UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER STRONG #834816,

    Plaintiff,                                 Hon. Jane M. Beckering

v.                                                   Case No. 1:23-cv-521

AMAURY PEREZ, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Partial Summary Judgment. (ECF No. 21). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted.

## BACKGROUND

Plaintiff initiated this action against Corrections Officer Amaury Perez concerning events that occurred at the Michigan Reformatory where Plaintiff was then incarcerated. In his complaint (ECF No. 1), Plaintiff alleges the following.

On August 22, 2020, Plaintiff was speaking with a prison official regarding a misconduct with which Plaintiff had been charged. During this conversation, Plaintiff was given a pen with which to sign the misconduct report. Rather than sign the misconduct report, however, Plaintiff "tried to explain" why the misconduct charge

-1-

"should be abandoned." When instructed to sign the report and return the pen, Plaintiff refused. When again instructed to return the pen, Plaintiff again refused.

At this point, Defendant Perez approached Plaintiff and informed him that, if he did not return the pen immediately, he would "regret it." Plaintiff again refused to surrender the pen at which point Perez walked away. Plaintiff was charged with a misconduct violation and escorted to an observation cell. Before the group arrived at the observation cell, however, Defendant Perez instructed the officers escorting Plaintiff to place Plaintiff "in a nearby shower module to be strip searched."

After Plaintiff entered the shower module, Perez instructed Plaintiff to remove his clothing. Despite complying with this instruction, Defendant Perez requested that Plaintiff be sprayed with chemical agent for refusing his instruction. A few moments later, a "squad of correctional officers" wearing gas masks arrived prepared to spray Plaintiff with chemical agent. Upon realizing that Plaintiff was, in fact, complying with Defendant Perez's instruction, the encounter ended without incident.

On September 18, 2020, Defendant Perez instructed Plaintiff that he was being moved to a different cell. Perez further informed Plaintiff that he would have to be searched before being placed in a different cell. Plaintiff was again escorted to a shower module and instructed to remove his clothing so that he could be strip searched. Plaintiff immediately complied with this instruction. Defendant Perez, despite Plaintiff's compliance, nevertheless sprayed Plaintiff in the face with chemical agent. Plaintiff immediately fell to his knees and began choking. When Plaintiff later asked

Defendant Perez why he sprayed him with chemical agent, Perez responded, "I told you I was going to get my ounce of flesh."

Plaintiff alleges that Defendant Perez, by spraying him with chemical agent without justification, violated his Eighth Amendment rights. Defendant Perez now moves to dismiss a portion of Plaintiff's complaint on the ground that Plaintiff failed to exhaust his administrative remedies. Plaintiff has failed to respond to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-

moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).

Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the

Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.  MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

Plaintiff describes in his complaint two separate encounters with Defendant Perez.  The first occurring on August 22, 2020, and the second taking place on September 18, 2020.  Defendant concedes that Plaintiff has properly exhausted his administrative remedies as to his claim arising from the September 18, 2020 incident. (ECF No. 22, PageID.86).  Defendant, however, moves to dismiss Plaintiff's claims arising from the August 22, 2020 incident for failure to exhaust administrative remedies.

Defendant Perez has presented evidence that Plaintiff failed to file a grievance against him regarding the August 22, 2020 encounter described above.  (ECF No. 22-3, PageID.100-47).  Plaintiff did file a grievance regarding these events but this grievance was not asserted against Defendant Perez and made no allegations against Perez. (ECF No. 22-3, PageID.116-19).

Plaintiff has failed to respond to the present motion and has, therefore, failed to present any evidence that he pursued any grievance or otherwise exhausted his administrative remedies with respect to any claim against Defendant Perez arising from the events of August 22, 2020.  Accordingly, the undersigned recommends that to the extent Plaintiff's complaint is interpreted as asserting a claim against Defendant Perez arising out of the events of August 22, 2020, that such claim be dismissed without prejudice for failure to exhaust administrative remedies.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Partial Summary Judgment (ECF No. 21) be granted. Specifically, the undersigned recommends that to the extent Plaintiff's complaint is interpreted as asserting a claim against Defendant Perez arising out of the events of August 22, 2020, that such claim be dismissed without prejudice for failure to exhaust administrative remedies. The undersigned further recommends that Plaintiff's claim against Defendant Perez arising from the events of September 18, 2020, proceed forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

          Respectfully submitted,

Date: April 1, 2024          /s/ Phillip J. Green
          PHILLIP J. GREEN
          United States Magistrate Judge